UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN DAVIS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   No. 3:11cv594 (MRK) |
| | : |
| NORWALK ECONOMIC | : |
| OPPORTUNITY NOW, INC., | : |
| | : |
| Defendant. | : |

**RULING AND ORDER**

In her Second Amended Complaint [doc. # 36], Plaintiff Susan Davis alleges that her former employer, Defendant Norwalk Economic Opportunity Now, Inc. ("NEON"), unlawfully retaliated against her in violation of Title VII, *see* 42 U.S.C. § 2000e *et seq.*, because she opposed NEON's harassment of a fellow employee based on the employee's race and ancestry. Ms. Davis also alleges that NEON negligently misrepresented the minimum qualifications necessary for her position when it hired her. Currently pending before the Court is Defendant's Motion to Dismiss [doc. # 42] for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Because the Court finds that Ms. Davis has stated a plausible claim under Title VII but not a plausible negligent misrepresentation claim under Connecticut state law, NEON's Motion to Dismiss is DENIED IN PART and GRANTED IN PART.

**I.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The

"plausible grounds" requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim for relief. *Twombly*, 550 U.S. at 556.

In reviewing a complaint for failure to state a claim pursuant to Rule 12(b)(6), the Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks omitted) (alteration in original). *Twombly* and *Iqbal* reiterated the longstanding bar against vague and conclusory allegations; they did not invent or raise that bar. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010); *cf. Greene v. Wright*, 389 F. Supp. 2d 416, 426 (D. Conn. 2005) (quoting *Keating v. Carey*, 706 F.2d 377, 392 n.2 (2d Cir. 1983) ("[T]his Circuit has consistently held that complaints containing only conclusory, vague, or general allegations cannot survive a motion to dismiss.")).

As the Supreme Court reaffirmed in *Twombley*, *see* 550 U.S. at 547, the plaintiff in an employment discrimination case such as this need not make out a *prima facie* case at the pleading stage. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002). At this stage, the Court's task is not to determine "whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II.

The factual allegations in Ms. Davis's Second Amended Complaint [doc. # 36]—which the Court must accept as true at this stage, *see Holmes*, 568 F.3d at 335—are as follows. Ms. Davis was hired by NEON as a Program Manager on October 21, 2009 after it did a background check on her and learned of her criminal record. At the time of her hiring, NEON represented to Ms. Davis that she met the minimum qualifications to perform the essential functions of the Program Manager position. This was incorrect, as Ms. Davis learned when she was unable to obtain a security clearance to enter Connecticut correctional facilities because of her criminal record. On August 20, 2010, NEON fired Ms. Davis, claiming that the ability to enter Connecticut correctional facilities was an essential function of the Program Manager position.

Prior to her termination, on April 21, 2010, Ms. Davis had complained to three of NEON's directors during a teleconference about racial harassment she had observed: her supervisor had mocked the African accent of one of Ms. Davis's co-workers and made derogatory comments related to the co-worker's ancestry. In retaliation for her complaint, NEON conducted a second criminal background check of Ms. Davis on May 4, 2010. NEON conducted a third criminal background check on July 7, 2010. On July 21, 2010, the supervisor Ms. Davis had complained about disciplined Ms. Davis on the basis of false allegations. Ms. Davis was terminated one month later.

## III.

### A.

The Court finds that Ms. Davis has stated a plausible claim that NEON retaliated against her for opposing a practice made unlawful under Title VII. *See* 42 U.S.C. § 2000e-3(a). Ms. Davis has now alleged with some specificity—as she did not previously, *see* Ruling and Order

[doc. # 33]—the nature of the racial harassment she complained of, the superiors to whom she complained, and the adverse employment actions that followed. *Cf. Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 552 (2d Cir. 2010) (enumerating the requirements for a *prima facie* retaliation case under Title VII).

NEON claims that Ms. Davis has not plausibly alleged a causal connection between the complaint she made and any adverse employment action taken against her. According to NEON, the criminal background checks do not count as adverse employment actions; thus, Ms. Davis did not suffer any adverse acts until the disciplinary action taken three months after she made her complaint. Indeed, another court in this Circuit recently found that "a background check is no more than an inconvenience," *Catanzaro v. City of New York*, Nos. 10 Civ. 1825 (JSR), 10 Civ. 1827 (JSR), 2011 WL 2335648, at *6 (S.D.N.Y. Jan. 25, 2011), and the Second Circuit has suggested that trivial inconveniences, even when added together as here, might still not rise to the level of an adverse employment action, *see Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 572 (2d Cir. 2011) ("Zero plus zero is zero.").

Here, however, the Court need not decide whether an employee who undergoes three background checks in a nine month span might be more than trivially inconvenienced. For Ms. Davis's termination undeniably constitutes an adverse employment action, and the fact that it occurred four months after she made her complaint does not bar her retaliation claim. The Second Circuit has "not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship" in retaliation cases. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) (quotation marks omitted) (citing *Grant v. Bethlehem Steel Corp.*, 662 F.2d 43, 45-46 (2d Cir. 1980), in which the Second Circuit found a causal connection between an EEOC complaint and retaliatory action eight months apart). In this

Circuit, "retaliation claims are rarely dismissed pursuant to Rule 12(b)(6) where the plaintiff has alleged a time period of less than one year between the protected activity and the alleged retaliatory conduct." *Lindner v. Int'l Bus. Machs. Corp.*, No. 06 Civ. 4751(RJS), 2008 WL 2461934, at *7 (S.D.N.Y. June 18, 2008).

Given the allegation that the target of Ms. Davis's complaint later disciplined her, the temporal proximity alleged between Ms. Davis's complaint and her termination, the possibility that successive criminal background checks may have been used to harass Ms. Davis, and the Supreme Court's clear guidance that a plaintiff need not establish a *prima facie* case at the pleadings stage, the Court finds that Ms. Davis has provided enough factual allegations for her Title VII claim to survive dismissal.

B.

Ms. Davis's negligent misrepresentation claim does not fare so well. A negligent misrepresentation action in Connecticut "requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 626 (2006).

Ms. Davis does not even allege that NEON knew of should have known that she would be prohibited from entering correctional facilities operated by the State of Connecticut—much less provide any factual support for such a claim. Ms. Davis merely alleges that because she was prohibited from entering those facilities, NEON's statement that she met its minimum job qualifications was false.

Further, the mistake that NEON made in deeming Ms. Davis qualified for the program manager position did not cause her to lose her job, as Ms. Davis alleges. *See* Second Am. Compl.

5

[doc. # 39] ¶ 6. In fact, its mistake is what allowed her, for ten months, to have a job for which she was apparently not qualified.

Ms. Davis has twice been given the opportunity to amend her complaint. Her failure at this point to supply enough factual matter to suggest either (1) that NEON should have known that its representation to her was false or (2) that she actually suffered pecuniary harm as a result requires the Court to dismiss Ms. Davis's claim of negligent misrepresentation.

Defendant's Motion to Dismiss [doc. # 42] is therefore DENIED as to Count One and GRANTED as to Count Two of the Second Amended Complaint [doc. # 36].

IT IS SO ORDERED.

 /s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: January 26, 2012.**